**Dated: March 14, 2019**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Rosalba Alvarado, | ) | Case No. 18-11961-JDL |
| | ) | Ch. 13 |
| Debtor. | ) | |
| | ) | |
| Esmeralda Avalos Tobias, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 18-01071-JDL |
| | ) | |
| Rosalba Alvarado, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION DENYING MOTION TO DISMISS**

This is an adversary proceeding seeking to have an obligation owed the Plaintiff/Creditor determined to be non-dischargeable as having been created by the

Debtor/Defendant's fraud pursuant to 11 U.S.C. § 523(a)(2)(A).[1]  Before the court is the *Motion to Dismiss Pursuant to FRCP 12(B)(6) and FRCP 9(B)* filed by Defendant/Debtor Rosalba Alvarado ("Alvarado") (the "Motion") [Doc.19] and the *Objection to Motion to Dismiss* filed by Plaintiff Esmeralda Avalos Tobias ("Tobias") (the "Objection") [Doc. 23]. The following constitutes the Findings of Fact and Conclusions of Law pursuant to Fed.R.Bankr.P. 7052 and 9014.[2]

## I. Jurisdiction

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334(b) as a matter arising under 11 U.S.C. § 523(a).  Pursuant to 28 U.S.C. § 157(b)(2)(I), this action is a core proceeding since it relates to the dischargeability of particular debts.

## II. Discussion

Pursuant to this Court's *Scheduling Order* of November 8, 2018 [Doc 17], the parties were permitted to file dispositive motions by February 22, 2019.  All dispositive motions are subject to Local Rule 9013-1.  As discussed below, the Motion was filed within the specified deadline for dispositive motions; however, it was filed based in part upon Rule 12(b)(6) which is not applicable in this case.

**A. Timeliness of Motion to Dismiss Under Rule 12(b)(6).**

Rule 12(b)(6), incorporated in adversary proceedings by Rule 7012(b), provides in

---

[1] All further references to "Code", "Section", and "§" are to the United States Bankruptcy Code, Title 11 U.S.C. § 101 *et seq*., unless otherwise indicated.

[2] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

pertinent part as follows:

> (b) **How to Present Defenses**. Every defense to a claim for relief in any pleading **must** be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:
>
> ...
>
> (6) failure to state a claim upon which relief can be granted;
>
> ...
>
> A motion asserting any of these defenses **must be made before pleading if a responsive pleading is allowed.**

[Emphasis added].

"Pursuant to the plain language of Federal Rule of Civil Procedure 12(b), it is beyond dispute that a motion to dismiss brought pursuant to Rule 12(b)(6) is untimely when presented after the filing of an answer." *Stevens v. Showalter,* 458 B.R. 852, 856 (D. Md. 2011); *In re General Purpose Steel, Inc.*, 469 B.R. 602, 604 (Bankr. W.D. Pa. 2012) (denying Rule 12(b)(6) motion to dismiss as untimely when filed only minutes after the answer); *In re Morrison,* 421 B.R. 381, 385 (Bankr. S.D. Tex. 2009) (denying Rule 12(b)(6) motion to dismiss as untimely when filed after answer).

Here, Alvarado filed her Amended Answer on September 17, 2018 raising as an affirmative defense, that "Plaintiff's (sic) fail to state a claim upon which relief can be granted". [Doc. 9, pg. 3].[3]  Alvarado's raising of the failure to state a claim defense in her responsive pleading (Amended Answer), makes her Motion to Dismiss untimely pursuant to the plain statutory language of Rule 12(b).

---

[3] Due to a docketing error, the Amended Answer was refiled on the 18th of September, 2018 and renumbered as Doc. 9.

### B. Untimely Filed Motions to Dismiss May Be Treated as a Motion for Judgment on the Pleadings Under Rule 12(c).

Rather than deny an untimely motion to dismiss under Rule 12(b)(6), "[a]lternatively, a court may at its option elect to construe an untimely Rule 12(b)(6) motion as one for judgment on the pleadings under Rule 12(c), *General Purpose Steel, Inc.*, 469 B.R. at 604 (citing *Stevens,* 458 B.R. at 856). "[A] failure to submit a 12(b)(6) defense before pleading is not necessarily fatal because a defendant retains the right to raise the defense of failure to state a claim: (1) by filing a motion for judgment on the pleadings, pursuant to Rule 12(c), after the pleadings are closed but early enough not to delay trial, see Fed.R.Civ.P. 12(h)(2)(B); or (2) by raising the defense at trial...". *Stevens*, 458 B.R. at 856. Although Alvarado's Motion is untimely, in exercising its wide discretion, the Court finds it appropriate to consider the Motion applying the standards of a motion for judgment on the pleadings, rather than waiting to address the matter at trial.

### C. Standard for Judgment on the Pleadings Under Rule 12(c).

Rule 12(c) provides "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Generally, courts "review a dismissal on the pleadings pursuant to Fed.R.Civ.P. 12(c) under the same standard applicable to a 12(b)(6) dismissal." *Ward v. The State of Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) (citing *Ramirez v. Department of Corrections*, 222 F.3d 1238, 1240 (10th Cir. 2000)); *Atlantic Richfield Co. v. The Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) ("A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."). As stated in *Mullaney v. Albertson's, Inc. (In re Mullaney)*, 179 B.R. 942, 945 (D. Colo. 1995):

4

> A Rule 12(c) motion is directed at the same question as a Rule 56 motion--whether any genuine issue of fact is presented. However, the 12(c) motion is restricted to the content of the pleadings....  A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the case can be achieved by focusing on the content of the pleadings.
>
> ...
>
> In a 12(c) motion, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. For purposes of the motion, the court must take the well-pleaded factual allegations in the non-movant's pleading as true. *Freeman v. Department of Corrections*, 949 F.2d 360 (10th Cir. 1991).

Within this framework, a court should determine whether a plaintiff has stated enough facts in the pleadings to raise a plausible claim for relief. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007).

### D. Standard for Dismissal Under Rule 12(b)(6).

When timely filed, a motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994); *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (a court must "accept as true well-pleaded factual allegations... and view these allegations in the light most favorable to the plaintiff"); *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

In making this determination, a court must decide whether the complaint contains sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955 (2007) (A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

5

that the defendant is liable for the misconduct alleged.); *Robbins v. State of Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (requiring sufficient factual specificity in support of claims, which, if assumed to be true, demonstrate that the plaintiff "plausibly (not just speculatively) has a claim for relief."). Plausibility refers "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the Plaintiffs 'have not nudged their claims across the line from conceivable to plausible'." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Although the complaint need not recite "detailed factual allegations, ... the factual allegations must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co., LTD*, 555 F.3d 1188, 1191 (10th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, (citations omitted), a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. The Court must still accept the facts alleged in the complaint as true, even though they are doubtful. *Id*. However, where factual assertions are taken as true for purposes of a motion to dismiss, legal conclusions are not. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).

In conjunction with this standard, reference must also be had to Rule 8[4] which sets forth the general rules for pleadings and requires only "a short and plain statement of the claim showing that the pleader is entitled to relief", "in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly,* 550 U.S.

---

[4] Rule 8 is made applicable to adversary proceedings by Fed.R.Bankr.P. 7008.

at 555.

Fraud claims, however, must meet more stringent standards. See Rule 9(b).[5] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id*. "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." *United States ex rel. Schwartz v. Coastal Healthcare Group, Inc.*, 232 F.3d 902, 2000 WL 1595976, *3 (10th Cir. 2000) (unpublished); *Two Old Hippies, LLC v. Catch The Bus, LLC,* 784 F.Supp.2d 1200, 1208 (D. N.M. 2011); *Midgley v. Rayrock Mines, Inc*., 374 F. Supp.2d 1039, 1047 (D. N. M. 2005) ("To survive a motion to dismiss, an allegation of fraud must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'").

### E. Plausibility of the Amended Complaint.

In light of the above standards, the Court is confined to the contents of the Amended Complaint, the Amended Answer, Alvarado's Motion to Dismiss and Tobias' Objection. Tobias' Amended Complaint asserts a claim under § 523(a)(2)(A) which excepts from discharge any claim for money, property, services, or an extension, renewal, or refinancing of credit obtained by debtor's "false pretenses, a false representation, or actual fraud (other than a statement respecting the debtor's or an insider's financial condition)." Most § 523(a)(2)(A) adversary proceedings brought to except debts on account of debtor's fraud involve misrepresentations. See *Oklahoma Heritage Bank v. Ward (In re Ward)* 589 B.R.

---

[5] Rule 9 is made applicable to adversary proceedings by Fed.R.Bankr.P. 7009.

424, 428 (Bankr. W.D. Okla. 2018) (citing *McClellan v. Cantrell*, 217 F.3d 890, 892-93 (7th Cir. 2000). To prevail on a claim for misrepresentation, a plaintiff must prove by a preponderance of evidence that traditional long-standing elements for proving misrepresentations or fraud under the common law of torts. Those elements are (1) the debtor made a false representation; (2) the debtor made the representation with the intent to deceive the creditor; (3) the creditor relied on the representation; (4) the creditor's reliance was justifiable; and (5) the debtor's representation caused the creditor to sustain a loss. *Id.; Fowler Brothers v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996); *In re Riebesell*, 586 F.3d 782, 789 (10th Cir. 2009); *In re Hentges*, 373 B.R. 709, 724 (Bankr. N.D. Okla. 2007).

In addition to the five above-stated elements for establishing misrepresentation, "actual fraud" under § 523(a)(2)(A) "encompasses forms of fraud .. that can be effected without a false representation;" without a creditor's reliance on a statement, action, or omission by the debtor; and without the fraud occurring at the inception of the transaction. *Husky International Electronics, Inc. v. Ritz*, ___U.S.___, 136 S.Ct. 1581,1586 (2016); *Ward*, 589 B.R. at 428. Well before the *Husky* decision, the Seventh Circuit provided a slightly more colorful description: "Fraud is a generic term, which embraces all the multifarious means by which human ingenuity can devise and which are resorted to by one individual to gain advantage over another by false suggestions or by the suppression of truth. No definite and invariable rule can be laid down as a general proposition defining fraud, and it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated." *McClellan*, 217 F.3d at 893.

In the Tenth Circuit, it has been held that "[w]hen a debtor intentionally engages in a scheme to deprive or cheat another of property or a legal right, that debtor has engaged in actual fraud and is not entitled to the fresh start provided by the Bankruptcy Code." *In re Vickery,* 488 B.R. 680, 690 (10th Cir. BAP 2013) (quoting *In Re Vitanovich*, 259 B.R. 873 (6th Cir. BAP 2001); *In Re Thompson*, 555 B.R. 1, 10 (10th Cir. BAP 2016). Thus, "in order to except a debt from discharge on the basis of actual fraud, the creditor must establish that (1) a fraud occurred, (2) the debtor intended to defraud, and (3) the fraud created the debt that is subject of the dispute." *Ward*, 589 B.R. at 428 (citing *Fifth Third Mortgage Co. v. Kaufman,* 2017 WL 4021230, *14 (N.D. Ill. 2017).

The Amended Complaint alleges, in pertinent part: (1) Alvarado convinced Tobias to invest money for purposes of purchasing single-family homes as investment vehicles, (2) Alvarado represented to Tobias that they would share equally in the ownership of the purchased properties and share in any income derived from such properties, (3) pursuant to the representations of Alvarado, and in reliance on the same, Tobias, on specific dates and in amounts set forth, invested $163,000.00 with Alvarado, (4) contrary to her representations, Alvarado never intended to invest any of the moneys loaned to her by Tobias, (5) contrary to representations, Alvarado never invested any of the moneys loaned to her by Tobias and instead used the same for her personal use, and (6) Alvarado failed to repay any of the money loaned to her by Tobias. [Doc. 3, ¶¶ 2.3-2.8]. Contrary to Alvarado's assertions in her Motion, those allegations in the Amended Complaint are not legal conclusions. They are facts. Alvarado may not believe them, but this Court has to accept them as true for purposes of a motion to dismiss or motion for judgment on the

9

pleadings. Accepted as true, taken together, they clearly state facts which satisfy all the necessary elements for a § 523(a)(2)(A) claim of misrepresentation and/or, actual fraud. The allegations also meet the degree of specificity required by Rule 9(a) which give notice to a defendant of the "who, what, when, where and how of the alleged fraud." *Schwartz,* 232 F.3d 902 at *3; *Two Old Hippies,* 784 F.Supp.2d at 1208.

Alvarado's Motion contends that "[a]ll of Defendant's actions were in good faith (and) there was no actual fraud; there was no constructive fraud; there was no fraud in inducement." [Doc. 19, pg.5, ¶ 9]. Those are conclusory allegations of the moving party, which the Court would point out are not to be accepted as true for purposes of a motion to dismiss or a motion for judgment the pleadings. Alvarado asserting that "Plaintiff has pled no specifics, no facts (just) allegations and assumptions" is simply not true. [Doc. 19, pg. 11, ¶ 16]. Alvarado states that "[w]here is the evidence of these alleged loans ... where are copies of the checks or bank statements evidencing the transfer of money for these alleged loans?" [Doc. 19, pg 11, ¶ 17]. Here, Alvarado misses the mark. The Plaintiff need not present at the pleading stage all her evidence in support of her claim. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Bragg v. Chavez,* 2007 WL 6367133, *6 (D. N.M. 2007); *Sutton v. Utah State School for the Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."); *DeJesus v. Sears, Roebuck*

*& Co.*, 87 F.3d 65, 69 (2nd Cir. 1996) (A motion to dismiss under Rule 12(b)(6) is "designed to test the legal sufficiency of the complaint, and thus does not require the Court to examine the evidence at issue.")  Alvarado, like most litigants, believes her opponent's claim is without merit; however, the case's merits based on the evidence will be determined at trial, not at the pleading stage when a plausible claim has been stated.

The Court notes that Alvarado has attached to her Motion as an exhibit a copy of a check for $8,000.00 that Alvarado paid Tobias on September 10, 2017.  Alvarado attaches the exhibit to show that Tobias' allegation that Alvarado failed to repay any of the money loaned to her is "blatantly false". [Doc. 19, pg. 11, ¶ 15].  If matters outside the pleadings are considered by the court, the Rule 12(b)(6) motion is treated as a motion for summary judgment, and the opposing parties afforded the same notice and opportunity to respond as provided in Rule 56.[6]  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).  Alvarado's Motion is not premised upon, and does not comply with Rule 56, and the Court will not consider evidentiary materials except in the context of a motion meeting the requirements of Rule 56.

Alvarado next argues that the Statute of Frauds bars Tobias from asserting her § 523(a)(2)(A) claim.  Specifically, Alvarado argues that there is only one written loan agreement signed by the parties on July 31, 2017, in the amount of $30,000, and there is no specific language in the contract that supports Tobias' claim that the same was executed for the purpose of investing in real estate. [Doc. 19, pg. 12, ¶18].  Thus, argues Alvarado, no oral testimony can be admitted into evidence contradicting the written

---

[6] Rule 56 is made applicable to adversary proceedings by Fed.R.Bankr.P. 7056.

11

contract.

There are several legal reasons why the Statute of Frauds does not require dismissal of Tobias's claim at this pleading stage. "[S]tate law controls with respect to whether fraud has occurred, while bankruptcy law controls with respect to the determination of nondischargeability." *In re Lang,* 293 B.R. 501, 513 (10th Cir. BAP 2003) (citing *Grogan v. Garner,* 498 U.S. 279, 283-84, 111 S.Ct. 654 (1991)); *In re Thompson,* 555 B.R. 1, 9 (10th Cir. BAP 2016).

Title 15 O.S. § 136 would be the applicable Statute of Frauds if, in fact, it were applicable.[7]  That Section provides, in relevant part:

> "The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged....:
>
> (1) An agreement that, by its terms, is not to be performed within a year from the making thereof;
> ***
> (4) An agreement for the leasing for a longer period than one (1) year, or for the sale of real property, or of an interest therein...."

---

[7] Alvarado references UCC § 2-202 in support of her Statute of Frauds argument. [See 12A O.S. § 2-202]. That section provides that "in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented...(b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement." The statute of frauds under the UCC is only applicable to "goods" as defined in 12A O.S. § 2-105(1) as "things which are movable at the time of the identification to the contract for sale...". Article 2 of the UCC does not apply to the sale of realty or interest in realty involved in the present case. 12A O.S. § 2-102.

Furthermore, 12A O.S. § 2–202 provides that parole evidence cannot contradict a writing "intended by the parties as a final expression of their agreement". Alvarado claims that the "written agreement was intended to be the complete and exclusive statement of the terms of the agreement." [Doc. 19, pg. 12, ¶ 18]. The one written Loan Agreement does not contain an "integration clause", and Counsel's statement as to the intent of the parties is inadmissible hearsay.

Under Oklahoma law, an allegation of fraud in the inducement is one of the exceptions which removes the transaction from falling within the Statute of Frauds. "The statute of frauds is designed as an instrument to prevent frauds, and a court of equity may prevent a party from taking advantage of the statute to perpetuate a fraud." *Musket Corp. v. Star Fuel of Oklahoma, LLC*, 943 F.Supp.2d 1304, 1310 (W.D. Okla. 2013); *Stinchcomb v. Stinchcomb*, 246 P.2d 727, 1952 OK 85; *St. Louis Trading Co. v. Barr*, 32 P.2d 293, 1934 OK 273; *Restatement (Second) Contracts* §124, comment c (1981) (stating "What appears to be a complete and binding integrated agreement ... may be voidable for fraud....").

As stated above, Tobias has alleged all of the essential elements for fraud under Oklahoma law. In addition to the exception for fraud, another exception to the Statute of Frauds in the present case is one of partial, or even full, performance to place it outside the Statute of Frauds. "Many decisions are based on the doctrine of partial performance - a doctrine which for reasons of equity will remove a partially performed oral agreement to sell realty from the frauds statute when it appears to work a fraud not to do so. *Anderson v. Anderson,* 521 P.2d 437, 1974 OK CIV APP 13; *Kirkpatrick v. Jacobson's Lifetime Buildings, Inc.*, 467 P.2d 489, 1970 OK 63; *Kirby v. Agra Gin Co.*, 347 P.2d 223, 1959 OK 217. In the present case it is alleged, and those allegations need be believed for purposes of the pending Motion, that Tobias made substantial, if not the entire, payments toward her alleged investment in the properties.

Finally, Alvarado asserts that in the only written loan agreement between the parties dated July 31, 2017, "no specific language exists in the contract between the parties indicating any intent to invest in real estate." [Doc. 19, pg 12, ¶ 18]. In support of this

contention, Alvarado again attaches an exhibit to her Motion. As addressed above, the Court will not consider evidentiary materials outside of the pleadings except in the context of a motion meeting the requirements of Rule 56. [8]

For the above reasons,

**IT IS ORDERED** that Alvarado's *Motion to Dismiss Pursuant to FRCP 12(B)(6) and FRCP 9(B)* [Doc. 19] is hereby **Denied**.

# # #

---

[8] The Court would note that it does not find Alvarado's contention to be accurate. The Loan Agreement [Doc.19-2] provides that if the "[f]ull amount should be paid by September 1, 2018 *if not paid I can take over the house located at 621 SE. 47th St. Oklahoma City 73129."* (Emphasis added). While not a model of contractual clarity, this language appears to be a clear indication of an interest in the property being tied to the $30,000.00 loaned to Alvarado.