**Dated: March 14, 2019**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Rosalba Alvarado, | ) | Case No. 18-11961-JDL |
| | ) | Ch. 13 |
|       Debtor. | ) | |
| | ) | |
| Esmeralda Avalos Tobias, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 18-01071-JDL |
| | ) | |
| Rosalba Alvarado, | ) | |
| | ) | |
|       Defendant. | ) | |

**ORDER DENYING MOTION IN LIMINE**

Before the Court for consideration are *Defendant's Amended Motion In Limine to Exclude Witnesses and Exhibits Untimely Disclosed by Plaintiff* (the "Motion") [Doc. 25] and the Plaintiff's *Response to Defendant's Motion In Limine and Amended Motion In Limine* (the "Response") [Doc. 26]. The Defendant moves to exclude the testimony of witnesses

and the admission at trial of exhibits not disclosed during the period allowed for discovery, but included in Plaintiff's timely-filed witness and exhibit list.  Plaintiff counters that she filed her Final Witness & Exhibit List prior to the expiration of the deadline for doing the same, and that it was Defendant who failed to serve discovery on the Plaintiff in time to have such discovery answered prior to the February 8, 2019, discovery deadline as required by the Court's *Scheduling Order*. [Doc. 17].

Pursuant to the Court's *Scheduling Order* entered on November 8, 2018, the parties were required to complete all initial disclosures required by Local Rule 7016(b) and Fed. R.Bankr.P. 7026[1] by November 21, 2018; complete all discovery by February 8, 2019; and file final lists of witnesses and exhibits by February 15, 2019. [Doc. 17].  The Plaintiff made her initial disclosures on November 21, 2018, within the deadline for such disclosures required by the *Scheduling Order*. [Doc. 25, Ex.1].  The Plaintiff's initial disclosures only designated the Plaintiff as a witness, with the Plaintiff reserving "the right to supplement this disclosure in the event that other information subject to disclosure under this rule becomes known." [Doc. 25, Ex.1].  On February 14, 2019, one day prior to the *Scheduling Order's* February 15, 2019 deadline for doing so, the Plaintiff filed her Final Witness & Exhibit List. [Doc. 22].  While the initial disclosures only included the Plaintiff as a witness, the Final Witness & Exhibit List named the Defendant and five (5) additional witnesses and four (4) specific exhibits.  Defendant has moved to prohibit four of the five witnesses from testifying because they were not identified or "timely" disclosed after Plaintiff determined that she might choose to call them as witnesses.

---

[1] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure, unless otherwise indicated.

Rule 26(a)(1)(A)(i) of the Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7026, requires the parties, without awaiting a discovery request, to provide to the other parties "the name...of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses...".  Local Rule 7026-1 of the United States Bankruptcy Court for the Western District of Oklahoma states that "Local Rule 7016-1 shall be applied in lieu of Fed.R.Civ. P. 26(a)(1), (a)(4) and (f)."  Thus, the detailed "initial disclosures" required under Rule 26(a) are not applicable.  Instead, Local Rule 7016-1(B) provides that "prior to any conference, trial counsel for each of the parties must confer and exchange all then known exhibits and other material which may be offered in evidence, and a list of all then known witnesses."  The timeliness of those initial disclosures in this Court are therefore governed by the Court's *Scheduling Order* which stated that the "deadline to complete all disclosures required by Local Rule 7016-1(B) and Rule 7026 was November 21, 2018.  It is not disputed by Defendant that the Plaintiff did make those disclosures by that deadline.

Rule 26(e) governs the supplementation of disclosures and discovery responses. It requires a party to "supplement or correct its disclosure...in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court."  Rule 26(e)(1)(A)-(B).  "Consistent with the objective of facilitating trial preparation, Rule 26(e) requires a party to supplement its mandatory disclosures 'at appropriate intervals' if that party 'learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known

3

to the other parties during the discovery process or in writing'." *Sender v. Mann*, 225 F.R.D. 645, 653 (D. Colo. 2004); See Fed.R.Civ.P. 26(e)(1); *Macauley v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003) (once a mandatory disclosure is provided, it must be kept current).

The sanction for failing to provide information or to identify a witness as required by Rule 26(a) or (e) is set forth in Rule 37(c)(1) which provides:

> "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. ...".

"The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosure" under Rule 37(c)(1). *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan.1995).

The determination of whether a Rule 26 violation is justified or harmless is entrusted to the broad discretion of the court. *Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999); *Marshall v. Ford Motor Co.*, 446 F.2d 712, 713 (10th Cir. 1971) (In addressing Rule 37 generally, the Tenth Circuit has made clear that "[t]he protections and sanctions found in the discovery rules are not absolute and contemplate the use of judicial discretion."); *Nutritional Biomimetics, LLC v. Empirical Labs Inc*., 2018 WL 6818748 *4 (D. Colo. 2018).

Although the court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," *Woodworker's Supply*, 170 F.3d at 993, in the Tenth Circuit courts should be guided by the following factors in determining whether a violation is justified or harmless: (1) the prejudice or surprise to the

party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness". *Id.; Gutierrez v. Hackett*, 131 Fed.Appx. 621, 625-26 (10th Cir. 2005) (applying the *Woodworker's Supply* factors)*; Scottsdale Ins. Co. v. Deere & Co.*, 115 F.Supp.3d 1298, 1305 (D. Kan. 2015).

Even where proper disclosure has not occurred, "[e]xclusion of evidence is a severe sanction because it implicates due process concerns.*" In re Independent Service Organizations Antitrust Litigation* 168 F.R.D. 651, 653 (D. Kan. 1996); *Cal Dive International, Inc. v. M/V TZIMIN,* 127 F.R.D. 213, 215 (S.D. Ala. 1989) ("denial of a right to introduce evidence is a sanction which should be imposed with the greatest circumspection, suggesting as always the desirability of limiting the sanction to the least destructive forms."). Such sanction is generally "inappropriate unless the failure to disclose or supplement is in bad faith or the resultant prejudice to the opposing party cannot be cured." *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 184 F.R.D. 532, 536 (D. N.J. 1999). Exclusion of evidence is often inappropriate, furthermore, unless the untimely disclosure occurs when trial is "imminent or in progress." *Id*.

The Court recognizes that the Defendant feels she was "ambushed" by the Plaintiff's listing witnesses and exhibits in addition to those which were contained in Plaintiff's initial disclosures. The Court has not been informed by either party as to when Plaintiff became aware of or made a final decision as to utilizing the additional witnesses. The Court thus cannot say whether there was any bad faith on the part of Plaintiff. The Court suspects that Plaintiff might have, for trial strategy, been playing her "cards close to the vest" in

disclosing the witnesses and exhibits right up until the deadline for the filing of a witness and exhibit list.

Similarly, the Court has not been informed as to what, if any, discovery had been conducted by the parties. It appears that the Defendant may have failed to conduct any discovery so as to insure that the Plaintiff was required to respond within the February 8, 2019, discovery deadline. Plaintiff's response indicates that Defendant's counsel "chose to submit discovery to Plaintiff's Counsel just three days before the close of discovery." [Doc. 26, ¶ 4]. The *Scheduling Order* makes clear that "Responses to written discovery request must be *due before* the discovery deadline." (Emphasis added). [Doc. 17, ¶ 3]. Had Defendant complied with the *Scheduling Order* she would have known of the additional witnesses in time to conduct further discovery within the discovery deadline or seek relief from the Court extending the discovery deadline. To the extent that Defendant was "ambushed", some of it is self-inflicted.

Under other circumstances, it might have been necessary for the Court to conduct an evidentiary hearing on the Defendant's motion to ascertain (1) when Plaintiff first became aware of her intended utilization of the additional witnesses, (2) if plaintiff breached her duty to timely supplement her initial disclosures and (3) the Plaintiff's justification for any delay in making such supplementation. Here, however, the Court has decided, for reasons unrelated to the present Motion, the trial currently set for April 2, 2019, be continued to a later date to accommodate the Court's docket. The Court therefore finds that regardless of any untimely supplementation of the Plaintiff's witnesses there will be no prejudice to Defendant in preparing for trial. The Court will by separate order re-set the trial date and afford the parties additional time to complete discovery.

Accordingly,

      **IT IS ORDERED** that the Defendant's *Amended Motion In Limine to Exclude Witnesses and Exhibits Untimely Disclosed by Plaintiff* [Doc. 25] is hereby **Denied.**

# # #